[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON APPLICATION FOR DISCHARGE OF REAL PROPERTY LIEN
The plaintiff Finno Development, Inc. ("Finno") brings this action to discharge a lien placed on its property by the defendant Smedes Realty, the plaintiff's exclusive agent for the marketing and sale of lots owned and developed by Finno.
This action arises out of a dispute between the parties over a real estate commission that Smedes believes is payable to it for its successful effort in obtaining a signed contract for the purchase of a lot in the subdivision developed by Finno. Subsequent to Smedes obtaining the signed contract, a dispute developed between the buyers and Finno over the construction of the new home. Finno claims that the purchasers insisted on a material alteration to the building design as the framer literally was to begin its work. After unsuccessful discussions with the buyers, Finno released them from their obligations under the contract and directed Smedes to return their deposit. Smedes, acting pursuant to General Statutes § 20-25a, placed a lien on the property to satisfy what it believes is its right to the real estate commission pursuant to its listing agreement with Finno.
Finno now moves to discharge the lien, arguing that under the terms of the listing agreement, the Smedes' commission is payable only after the closing. Because the buyers never closed, Finno argues that it is not obligated to pay Smedes' 5% commission. Specifically, Finno relies on the Real Estate Contract Agreement that it drafted and which was executed by both Smedes and Finno. Under the terms of the agreement, Smedes is provided with an exclusive listing agreement for a six month term with Finno retaining an option to renew for another six months. Pursuant to paragraph 4 of the agreement, entitled "Commission", "The seller agrees to pay the listing agent the sum of 5% commission on the actual sale price of CT Page 5054 the property." Paragraph 8 of the Agreement is entitled "Buyers(s) to Purchase Building Lot and Construction Loan", and specifies that "if the buyer wishes to purchase building lot and get a construction loan from the local bank, the listing agent will be entitled to a 5% commission of the discounted sales amount."
Paragraph 8(c), which is relied on by Finno, specifies that "The listing agent shall be paid a 5% real estate commission by the sellerdirectly within 72 hours from the date that the homeowners close with the seller/builder" (emphasis in original). Finno interprets this provision as establishing a condition precedent to the payment of the real estate commission. Under its interpretation of this clause, unless and until there is a closing, Finno has no obligation to pay Smedes its commission even if the failure to close is the result of unilateral action by Finno preventing the closing from occurring.
Finno's argument fails for two reasons. First, paragraph 8(c), which provides that the "listing agent shall be paid a 5% real estate commission by the seller directly within 72 hours from the date of closing," does not, by its terms, condition the payment of the commission on the closing being concluded. Instead, paragraph 8(c) simply establishes the time for the commission to be paid, i.e., within 72 hours of the closing. Second, this understanding of the intent of paragraph 8(c) is bolstered by the terms of paragraph 4, entitled "Commission", which states that "The seller agrees to pay the listing agent the sum of 5% commission on the actual sale price of the property." This clause, like paragraph 8(c), does not impose any conditions on the payment of the commission. In fact, it declares without condition or reservation that Finno will pay as commission 5% of the sales price of the property.
Read together, paragraphs 4 and 8 do not support Finno's claim. "A contract is to be construed as a whole and all relevant provisions will be considered together." Lar-Rob Bus Corporation v. Fairfield,170 Conn. 397, 407 (1976). Finno's attempt to limit his otherwise unconditional obligation to pay Smedes a commission is not supported by the contract itself. While it may have been Finno's intent to condition the payment of the commission on the conclusion of the closing, "in determining the meaning and effect of the contract, the inquiry must focus on the intention expressed in the [contract] and not on what intention existed in the minds of the parties." Hatcho Corporation v.Della Pietra, 195 Conn. 18, 21 (1985). Indeed, even if the terms of paragraph 8 were "equally susceptible of two different meanings, that favoring the party who did not draw up the contract will be applied."Griswold v. Union Labor Life Insurance, 186 Conn. 507, 513 (1982). Because Finno himself drafted the language in question, any ambiguity arising out of that language must be interpreted in favor of Smedes. Id. CT Page 5055
Accordingly, for the foregoing reasons, the plaintiff's application for discharge of real property lien is denied.
SO ORDERED.
ROBERT L. HOLZBERG, J.